REX FENLEY, Appellee, v. THE PHOENIX INSURANCE COMPANY of Hartford, Connecticut, Appellant.

No. 41538.

NOVEMBER 22, 1932.

SUPPLEMENTAL OPINION APRIL 6, 1933.

D. Cole McMartin, for appellant.

Bracewell, Murrow & Poston, for appellee.

ALBERT, J.—The plaintiff was the holder of a policy of fire insurance, in the sum of $500, issued by the defendant, covering household goods and personal effects, and issued and delivered on December 30, 1929. On February 27, 1931, plaintiff went to defendant's soliciting agent, W. S. Merritt, and asked him to increase the amount of this policy to $1,000, and at the time plaintiff paid to the agent the necessary additional premium. The next day Merritt wrote the defendant the following letter: "Please put an indorsement on policy No. 947480, raising the insurance on household goods to $1,000 to expire January 1, 1933."

The next day, March 1st, was Sunday, and this letter was received by Ralph Elliott, who had charge of the general business of the defendant company at Des Moines, Iowa, on March 2, 1931. He stamped the same as received on that date, and it was referred to a department in his office which had the duty of determining whether or not the proposed indorsement increasing the amount of insurance should be approved or disapproved. On March 4th that department attached a rider to the policy, complying with Merritt's request as set out in his letter above. On March 3d the property covered by the policy burned.

In the trial of the case, the company admitted its liability on this policy in the amount of $500, and conceded judgment should be entered against it accordingly. The plaintiff insisted, however, that the company's liability was $1,000, and demanded judgment accordingly, and further insisted that, when Merritt's letter reached the Des Moines office on the 2d day of March, the additional insurance became effective on that date. The company insisted that the additional insurance did not become effective until it was approved

by the indorsing department in the office and the rider was attached to the policy.

To state it in another way: Plaintiff insisted that the $500 additional insurance became effective on the 2d day of March, and the defendant insisted it did not become effective until the 4th day of March. Both parties agree that, under the law of the case, the additional insurance must have been effective before or at the time of the fire; hence the only question left is the fact question whether or not the plaintiff has, by a preponderance of the evidence, proven that this additional insurance was in effect at the time of the fire on March 3d.

Merritt was the local soliciting agent for the defendant company at Seymour, Iowa. The evidence shows that the powers and duties of a soliciting agent are to take and forward applications for insurance; to collect premiums and deliver policies forwarded from the home office. The plaintiff filed no written application for this additional insurance, but went to Merritt and told him he wanted $500 more insurance, and Merritt told him if he would pay the additional premium he would have a rider for $500 put on the policy increasing it to $1,000, and Merritt said: "You may pay me and I will send it in and that will take immediate effect on the policy."

Ralph Elliott was called as a witness for the plaintiff, and testified as to the manner of conducting the business in the office in Des Moines; as to the receipt of the policy and Merritt's letter, heretofore set out, on the 2d day of March; that they placed it in the files with the applications of others for insurance and turned the same over to the department in his office to either approve or disapprove the proposed indorsement; and, as heretofore stated, the indorsing department approved the same and attached a rider on March 4, 1931, and the additional insurance began on the date the indorsement was made.

We do not set out the testimony *in extenso*, but the substance thereof shows that the company did not approve this proposed additional insurance or attach the rider or indorsement thereon until the 4th day of March, 1931. It follows of necessity, therefore, under the facts in the case, that this $500 additional insurance was not effective at the time the fire occurred.

But the plaintiff seeks to avoid this situation by claiming that the soliciting agent, Merritt, agreed with him that the additional in-

surance should be effective at once, and, because the premium was paid to such soliciting agent, the insurance did in fact become effective as of the date of the payment. This gives rise, if we understand the plaintiff's contention, to what is commonly referred to as "oral or preliminary insurance" covering the interim between the making of the application and its acceptance or rejection by the company. We have had occasion to fully review our prior cases in the case of Nertney v. National Fire Ins. Co., 199 Iowa 1358, 203 N. W. 826, 828, where we laid down the rule governing such questions, and in that case we held that, under the facts therein found, the same was within the rule, and there was preliminary insurance. We there said:

"Where the policy covers the risk from the date of the application, it is apparent that the insured pays for insurance for the stipulated period beginning with the date of the application, not the date of its acceptance. No one would be expected to take out insurance for a period of time that had already elapsed. But, unless there is a valid preliminary contract of insurance covering the time between the making of the application and its acceptance or rejection, that is what every insured who receives such a policy is required to do. * * * But, if the agent had no authority to make a contract for preliminary insurance covering the interim between the making of the application and its acceptance or rejection by the company, there was no insurance covering that time."

In the Nertney case the blank application was sent by mail to the owner of the property, and the soliciting agent of the latter said: "You can fill out the blank application on the typewriter if you choose, sign same and return to us. The insurance will be in force immediately, but the policy may not be issued for two or three days." The fact situation was that the owner of the property signed the application, accompanied with his check for the premium, but, when the soliciting agent received the same, he forwarded the application and the premium, less his commission, to the general agency of the company at Omaha. The Nertney opinion states:

"It is an admitted fact that, if the application had been accepted, the policy issued in pursuance thereof would have covered the risk from the date of the application. It was shown that it was the general custom in the locality to so date policies issued on applications, and that Griffin had knowledge that the defendant company in issuing policies or applications for insurance on farm build-

ings so issued them as to cover the risk from the date of the application. It was also shown that, while Griffin had been previously employed by another local agency of the defendant company, he had assisted in taking an application for farm insurance, and had agreed that the insurance should become effective immediately, and that the policy issued by the company six weeks later covered the risk from the date of the application."

There is no evidence in this case showing that this was the custom of the company.

The facts in the instant case are, therefore, distinguishable from the facts in the Nertney case, in that the plaintiff's evidence shows that on such applications for additional insurance as the one involved herein the riders put on the policy were not dated from the time of the application, but always bore date of the approval of the application and the indorsement on the policy. Also, in this case, there was no showing in the record that the premium received by the soliciting agent was in the hands of the insurance company at the time the rider was placed on the policy, to wit, March 4th. This distinguishes the instant case from the Nertney case, and the line of our opinions therein cited.

We conclude, therefore, that the district court erred in holding the company liable on this $500 additional insurance, and the case is reversed.

STEVENS, C. J., and FAVILLE, DE GRAFF, and WAGNER, JJ., concur.

### SUPPLEMENTAL OPINION.

PER CURIAM: The defendant having confessed in the lower court an indebtedness on said policy to the amount of $500, with 6 per cent interest per annum from the date of the fire, which occurred on March 31, 1931, and the costs of the case up to August 28, 1931, when the offer to confess judgment was made, of course the plaintiff was entitled to a judgment accordingly for the amount of $500, with interest and costs, and the case is remanded to the district court for judgment accordingly.

Therefore, the petition for rehearing is overruled.